UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-22624-CIV  COOKE/BROWN

P.W.S. INTERNATIONAL, INC.,
a North Carolina corporation,

    *Plaintiff*,

v.

CARIBBEAN FREIGHT SYSTEMS, INC.,
a Florida corporation, and SEABOARD
MARINE LTD., a foreign corporation,

    *Defendant*.
_____/

## ORDER DENYING MOTIONS TO DISMISS

**BEFORE THE COURT** are Motions to Dismiss filed by the Defendants, Caribbean Freight Systems, Inc. ("CFS") and Seaboard Marine Ltd. ("SML").  For the reasons stated below, the Court will not grant these motions.

**I.**    **Background**

In August 2005, the Plaintiff retained CFS to arrange for delivery of a boom lift valued at $75,000.00.  CFS, in turn, sub-contracted SML to make the delivery.  Delivery was consummated, but not without damage to the boom lift.

The Plaintiff alleges that the Defendants, by contract, were obligated to containerize and properly insure the chattel.  Their failure to do so, the Plaintiff claims, was an unreasonable and substantial deviation from the contract terms.  Consequently, the Plaintiff has brought suit in contract and tort for damages in excess of $83,000.00.

1

**II.     Motion to Dismiss Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"[1] *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citing *Conley v. Gibson* 355 U.S. 41, 47 (1957)).  In deciding a motion to dismiss,  a plaintiff's cause of action should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would merit relief.  *Conley,* 355 U.S. at 45.   The court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff.  *Scheur v. Rhodes*, 416 U.S. 232 (1974).  This, however, does not give a plaintiff carte blanche to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Twombly*, 127 S.Ct. at 1965 (citations omitted).  Finally, at the motion to dismiss stage, a court can only examine the four corners of a complaint.  *Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.*, 87 F. Supp.2d 1287 (S.D. Fla. 2000).

**III.     Discussion**

The Defendants predicate their Motions to Dismiss on the following grounds:

(1)     The Carriage of Goods by Sea Act ("COGSA") 46 U.S.C. 1300 et seq., bars all other theories of liability, including those the Plaintiff claims.

(2)     The Economic Loss Rule precludes the Plaintiff from asserting tort claims.

The Court, however, does not find the Defendants' arguments sufficiently compelling for

---

[1] Certain causes of action, such as conspiracies, however, may require a Plaintiff to plead with specificity somewhat beyond the *Conley* standard. *Twombly*, 127 S.Ct. at 1965 (citations omitted).

the following reasons. First, this case may not be within the purview of COGSA as the Defendants may have substantially and unreasonably deviated from the contract terms. *See C.A. La Sequridad v. Delta S.S. Lines*, 721 F.2d 322 (11th Cir. 1983). Second, the Economic Loss Rule does not apply to this case because the Plaintiff alleges physical damage to property resulting from a negligently executed service contract. *See Moransais v. Heathman*, 744 So.2d 973, 983 (Fla. 1999) (stating that the Economic Loss Rule should be limited to situations where the policy considerations are substantially identical to those underlying the product-liability-type analysis); *see also Comptech Intern., Inc. v. Milam Commerce Park, Ltd.*, 753 So.2d 1219, 1226 -1227 (Fla. 1999) (reaffirming the limitations of the Economic Loss Rule in the context of service contracts).

Based on the foregoing, the Court hereby

**ORDERS and ADJUDGES** the Defendant's Motions to Dismiss are **DENIED.**

**DONE AND ORDERED** in Chambers, Miami, Florida, this 25th day of September, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*