UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-22624-CIV  COOKE/BROWN

P.W.S. INTERNATIONAL, INC.,
a North Carolina corporation,

*Plaintiff*,

v.

CARIBBEAN FREIGHT SYSTEMS, INC.,
a Florida corporation, and SEABOARD
MARINE LTD., a foreign corporation,

*Defendants*.

_____/

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

**BEFORE ME** are Defendants Caribbean Freight Systems, Inc. ("CFS") and Seaboard Marine Ltd.'s ("SML") Motions for partial or full summary judgment on the issues of liability and damages. I will deny the motions for the reasons below.

### I.  FACTUAL BACKGROUND

In August 2005, Plaintiff retained CFS to arrange for delivery of a boom lift ("cargo") valued at $75,000.00. CFS, in turn, sub-contracted SML to make the delivery. SML delivered the cargo, but it was found damaged.

Plaintiff avers that Defendants were obligated to containerize and insure the subject cargo. By failing to do so, Defendants allegedly breached the duty to "properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried." Carriage of Goods by Sea Act, 46 U.S.C. § 30701 ("COSGA"). Consequently, Plaintiff has brought suit in contract and tort under COSGA for damages in excess of $83,000.00.

Plaintiff has proffered two clean bills of lading—one with each of the defendants—and an

official report showing that Plaintiff received the subject cargo damaged.  The bill of lading between Plaintiff and CFS explicitly required CFS to containerize and insure the cargo, while the one between CFS and SML had no such explicit requirement.  There is much contention about what reasonable steps Defendants took or should have taken to safeguard the shipment.  What is clear, though, is that the cargo was not containerized or insured.

**II.    LEGAL BACKDROP**

   *A.    The Summary Judgment Standard*

The Federal Rules of Civil Procedure authorize summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Supreme Court has stated, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").  The Court, however, must view the evidence in the light most favorable to the nonmoving party and not weigh conflicting evidence to resolve material, factual disputes; summary judgment is inappropriate where a material, factual issue remains outstanding.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Communication, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

      B.      **The Carriage of Goods by Sea Act**

To establish *prima facie* liability under COSGA, a plaintiff must proffer evidence sufficient for the fact finder to reasonably conclude that (1) the carrier received the subject cargo in good condition, and (2) the cargo sustained damage in the carrier's custody.  *Sumitomo Corp. v. M/V/ Saint Venture*, 683 F. Supp. 1361, 1367 (M.D. Fla. 1988).  Once the plaintiff makes this initial showing, the burden then shifts to the defendant to show either that the damage is not the defendant's fault, or that one of COSGA's enumerated liability exceptions apply.  *Id*.

If the defendant is found liable, then damages must be assessed.  COSGA limits damages to $500 "per customary freight unit," unless the carrier has breached the contract of carriage by unreasonably deviating from the duty of care owed to the shipper.  *C.A. La Seguridad v. Delta Steamship Lines*, 721 F.2d 322, 324 (11th Cir. 1983); *ETS Gustave Brunet, S.A. v. M.V. Nedlloyd*

*Rosario*, 929 F. Supp. 694, 703 (S.D.N.Y. 1996). An unreasonable deviation allows the plaintiff to recover normal contract damages. *Id*.

**III.   ANALYSIS**

In the present case, Plaintiff has established *prima facie* liability. First, the clean bills of lading with both Defendants show that they received the cargo in good condition. *See Sumitomo*, 683 F. Supp. 1367. Second, Plaintiff has proffered Lloyd's Standard Survey Report, which assesses the condition of the cargo as "damaged" upon delivery. Whether it was the Defendants' negligence that caused the damage is a material question of fact in dispute. Therefore, I cannot grant summary judgment on liability.

I will now turn to damages—whether damages should be limited to $500 under COSGA's "per customary freight unit" limitation. 46 U.S.C.§ 30701. The threshold question is whether the subject cargo constituted one "customary freight unit." Plaintiff does not dispute that it did. I agree. *See Caterpillar Americas Co. v. S.S. Sea Roads*, 231 F. Supp. 647, 649 (S.D. Fla. 1964) (concluding that a single, unpackaged tractor constituted one customary freight unit under COSGA). The second question is whether Defendants unreasonably deviated from the duty of care they owed to Plaintiff and, thereby, nullified COSGA's $500 per customary-freight-unit limitation. *See C.A. La Seguridad*, 721 F.2d at 324; *see also Nedlloyd*, 929 F. Supp. at 703. Plaintiff contends that they did. More precisely, Plaintiff argues that Defendant CFS unreasonably deviated from its duty by failing to honor the contract terms requiring containerization of the cargo and proper insurance. Plaintiff further claims that Defendant SML unreasonably deviated from its duty by allegedly not stowing the cargo below deck. *See Nedlloyd*, 929 F. Supp. at 703.

4

After having examined the record, I find that there exist material factual disputes on damages as to both Defendants and, therefore, decline summary adjudication.

Finally, Defendant CFS has re-raised the issue of dismissal based upon the Economic Loss Rule. In a previous order, I had declined to dismiss this case on that basis. Nothing has changed. The Economic Loss Rule does not apply here because the Plaintiff alleges physical damage to property resulting from a negligently-executed service contract. *See Moransais v. Heathman*, 744 So.2d 973, 983 (Fla. 1999) (stating that the Economic Loss Rule should be limited to situations where the policy considerations are substantially identical to those underlying the product-liability-type analysis); *see also Comptech Intern., Inc. v. Milam Commerce Park, Ltd.*, 753 So.2d 1219, 1226 -1227 (Fla. 1999) (reaffirming the limitations of the Economic Loss Rule in the context of service contracts).

For the foregoing reasons, Defendants' Motions for Summary Judgment [DEs 21, 36, and 37] are **DENIED**. Defendant SML's Motion for Reconsideration [DE 60] is also **DENIED** for the same reasons.

**DONE and ORDERED** in Chambers at Miami, FL this 20th day of November 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies to:
*The Hon. Stephen T. Brown*
*Counsel of record*